IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH F. SHUCOFSKY,
as personal representative of
the Estate of D.S., and
GLORIA D. SYKES,

                                                ORDER

                     Plaintiffs,

                                              10-cv-393-bbc

     v.

DANE COUNTY, CUYAHOGA
COUNTY DEPARTMENT OF
CHILDREN AND FAMILY SERVICES,
LYNDA SYKES and JOHN DOES #1-100,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Joseph F. Shucofsky and Gloria D. Sykes are suing the defendants in this case for their alleged role in the death of D.S., the daughter of plaintiff Gloria Sykes. Plaintiffs allege that defendant Lynda Sykes had custody of D.S. when she died. When defendant Sykes failed to file an answer to the complaint, plaintiffs moved for entry of default under Fed. R. Civ. P. 55(a) and the clerk of court granted the motion. Dkt. #23. However, plaintiffs have not yet moved for a default judgment. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385 (7th Cir. 2008) (noting distinction

1

between entry of default and default judgment). Now defendant Sykes has filed a letter with the court that I construe as a motion to set aside the entry of default. Dkt. #30.

In her letter, defendant Sykes says that she is indigent, incarcerated in Ohio and without a lawyer. In addition, she says that she does not understand why default was entered against her because she "never was given notification of a court date" and "no telephone conference was schedule[d] for [her]." Default was entered against defendant Sykes because she did not file an answer or motion in response to plaintiffs' complaint as required by Fed. R. Civ. P. 12. Her obligation to answer or file a motion was described to her in the summons that she received through certified mail. Dkt. #18. However, a default judgment should be entered "only in extreme situations, or when other less drastic sanctions have proven unavailing. . . [I]t is a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." Sun v. Board of Trustees of University of Illinois, 473 F.3d 799, 811 (7th Cir. 2007). Because defendant Sykes has made an appearance and is indicating that she wishes to participate in the lawsuit, I will give her another opportunity to respond. In addition, I will direct the clerk of court to send plaintiff a docket sheet and paper copies of everything that has been filed in the case thus far. Starting now, all parties must serve defendant Sykes paper copies of everything they file with the court.

Defendant Sykes has a choice between two options. One is to file an answer. An answer is simply a document that responds to each of the allegations in the complaint,

agreeing or disagreeing with each allegation, as appropriate.  Because plaintiffs have filed an amended complaint, defendant Sykes should respond to the amended complaint, which is dated August 16, 2010 and is docket entry no. 4.  The top of the answer should be a caption similar to the amended complaint that includes the name of the court, the parties and the case number.  Below that, defendant Sykes should include numbered paragraphs that correspond to each of the paragraphs in the amended complaint.  Next to each paragraph number, she should say whether she admits each allegation in the complaint, denies it or does not have enough information to know whether the allegation is true or false.  If she wishes to raise any defenses, she should include those in her answer as well.  The requirements for preparing an answer are described further in Federal Rules of Civil Procedure 8(b) and 10.  A copy of these federal rules should be in the prison's library.  If defendant Sykes is still unsure about how an answer should be formatted, she may review the answers that have been filed by the other defendants to get a general idea.  However, she should not copy another party's answer; she must respond to each allegation in the complaint using her own personal knowledge.

     The other option is to file a motion under Federal Rule of Civil Procedure 12.  In defendant Sykes's letter, she discusses the difficulty of defending a case in Wisconsin when she is in Ohio.  If she believes that plaintiffs do not have the right to sue her in Wisconsin, she must file a motion to dismiss for lack of personal jurisdiction.  In that motion she must

3

explain why she believes that her contacts with Wisconsin are not sufficient to make it fair to sue her in this state. Under the due process clause, the general question is whether the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Other types of motions that she may file are listed in Rule 12.

Regardless whether defendant Sykes files a motion or an answer, she must sign the document. This is a requirement of Rule 11 of Federal Rules of Civil Procedure. In addition, she must mail it to the court, which will file it in the electronic filing system. Because all of the other parties receive service through this system, I see little reason to require defendant Sykes to send additional paper copies to the other parties. If any party objects to receiving service this way, that party should notify the court.

In her letter, defendant Sykes asks for the appointment of a lawyer to represent her. Because this is a civil case, Sykes does not have a constitutional right to a lawyer. Jackson v. Kotter, 541 F.3d 688, 700-01 (7th Cir. 2008). Rather, a court must consider a number of factors in deciding whether to exercise its discretion to appoint counsel under 28 U.S.C. § 1915(e)(1). First, I must find that defendant Sykes has made a reasonable effort to find a lawyer on her own and has been unsuccessful or that she has been prevented from making

such an effort. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir.1992). To prove that she has made reasonable efforts to find a lawyer, a party must give the court the names and addresses of at least three lawyers whom she asked to represent her in this case and who turned him down. Because defendant Sykes has not complied with that requirement, her motion will be denied.

Even if defendant Sykes had shown that she sought legal assistance on her own, I would not grant her motion at this time. Under Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007), a court must consider both the complexity of the case and the party's ability to litigate it herself. At this stage, it is too early to tell whether defendant Sykes has the ability to represent herself adequately in this case. I have told her what she needs to do right now. If at later stages in the case, it appears that she cannot represent herself, she may file another motion.

ORDER

IT IS ORDERED that

1. Defendant Linda Sykes's motion to set aside the entry of default, dkt. #30, is GRANTED.

2. Defendant Sykes may have until November 29, 2010 to file an answer to the amended complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

such an effort. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir.1992). To prove that she has made reasonable efforts to find a lawyer, a party must give the court the names and addresses of at least three lawyers whom she asked to represent her in this case and who turned him down. Because defendant Sykes has not complied with that requirement, her motion will be denied.

Even if defendant Sykes had shown that she sought legal assistance on her own, I would not grant her motion at this time. Under Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007), a court must consider both the complexity of the case and the party's ability to litigate it herself. At this stage, it is too early to tell whether defendant Sykes has the ability to represent herself adequately in this case. I have told her what she needs to do right now. If at later stages in the case, it appears that she cannot represent herself, she may file another motion.

ORDER

IT IS ORDERED that

1. Defendant Linda Sykes's motion to set aside the entry of default, dkt. #30, is GRANTED.

2. Defendant Sykes may have until November 29, 2010 to file an answer to the amended complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

3. Defendant Sykes's motion for appointment of counsel is DENIED.

4. The clerk of court is directed to send defendant Sykes a copy of the docket sheet and a copy of all the filings in this case to date.

5. Plaintiff should keep a copy of all documents for her own files. If she is unable to use a photocopy machine, she may send out identical handwritten or typed copies of the documents she files with the court.

Entered this 28th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge